Nabila Hamid
4911 W Albion St apt.103
Boise ID 83705
2084889750
mhajro@gmail.com

U.S. COURTS
NOV 06 2026
Rcvd____Filed____Time____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

**TH, a minor, by and through Nabila Hamid, as next friend,**

Plaintiff,

v.

**SAINT ALPHONSUS REGIONAL MEDICAL CENTER, INC.,**

1. Defendant SAINT ALPHONSUS REGIONAL MEDICAL CENTER, INC.
2. Defendant SAINT ALPHONSUS HEALTH SYSTEM, INC.
3. Defendant SAINT ALPHONSUS PROFESSIONAL MEDICAL SERVICES, LLC Defendants JOHN/JANE DOES 1–10 are presently unidentified physicians, nurses, healthcare professionals, employees, or other individuals whose conduct may have contributed to the events described in this Complaint.
4. **Travis Leach** — President of Saint Alphonsus Regional Medical Center.
5. **David McFadyen** — President and CEO, Trinity Health West Region.
6. **B. Lannie Checketts** — Treasurer and finance executive.
7. **Stephanie Westermeier** — Secretary and legal counsel executive.
8. **Patrice Burgess, MD** — Chief Medical Officer
9. **Scott Christensen** — Vice President of Operations.
10. **Marcie Harper** — Vice President of Finance and CFO.
11. **Adam Richins** — Board officer.
12. **Michael Ballantyne** — Board chair and officer
13. Bea Black
14. Suzanne Brennan

15. Michael Coughlin, MD
16. Geraldine Hoyler
17. Beth Ineck
18. Kirk Jacobson
19. Robert Ladenburger
20. Toni Nielsen
21. Robert Oliver
22. Luis Santana
23. Irma Valdivia
24. Ron Wathen
25. Stephanie Williams
26. Marie Guadalupe Wissel
27. Sheila Giffen, MD
28. Karla Renaud
29. Jordan Martinez
30. Christa Brooks
31. Cindy Rockefeller, RN
32. Ashley Lanier
33. Madi Smith
34. Tara Dobson
35. Plaintiff will seek leave to amend this Complaint to identify additional defendants when their identities and respective legal responsibilities are established through appropriate investigation and discovery.

Defendants.

Case No.: ____________________

# COMPLAINT FOR DAMAGES AND OTHER APPROPRIATE RELIEF

### Alleged Lack of Sufficient Informed Consent, Medical Negligence, and Related Claims

**JURY TRIAL DEMANDED**

**MINOR PLAINTIFF REPRESENTED BY LEGAL COUNSEL**

## I. INTRODUCTION

1. This action concerns medical treatment administered to Plaintiff, a newborn child, at Saint Alphonsus Regional Medical Center in Boise, Idaho, on November 7, 2024.
2. Plaintiff was born at Saint Alphonsus Regional Medical Center on November 7, 2024.
3. During the newborn medical-care encounter, hospital personnel administered a hepatitis B vaccination to Plaintiff.
4. Hospital personnel also administered vitamin K by injection.
5. Before the relevant treatments, Plaintiff's mother had expressed a preference that vitamin K be administered in oral drop form rather than by injection.
6. Plaintiff's mother primarily speaks Arabic and had limited English proficiency during the hospital encounter.
7. Plaintiff's mother was physically present during labor, delivery, and immediate newborn medical care.
8. Plaintiff's mother alleges that the hospital did not provide a qualified Arabic interpreter to explain the relevant medical information and consent documentation.
9. Plaintiff's father speaks English, met with hospital personnel before the birth, left the hospital, and returned several hours after delivery.
10. Plaintiff's parents allege that neither parent knowingly authorized the specific hepatitis B vaccination and that the vitamin K injection was administered contrary to their expressed preference.
11. Plaintiff's parents discovered the treatments through review of the newborn medical records in December 2024.
12. Plaintiff brings this action through an appropriately authorized representative and legal counsel to seek recovery for injuries and damages legally belonging to Plaintiff.

# II. PARTIES

13. Plaintiff TH is a minor child born on November 7, 2024, in Boise, Idaho.
14. Plaintiff resides in Idaho with the child's parents.
15. Plaintiff is represented in this proceeding by Nabila Hamid, acting as Plaintiff's proposed next friend, subject to the Court's determination under Federal Rule of Civil Procedure 17(c).
16. Defendant Saint Alphonsus Regional Medical Center, Inc. is identified as the healthcare institution responsible for the medical services involved in the events described in this Complaint.
17. Defendants John/Jane Does 1–10 include presently unidentified healthcare providers, physicians, nurses, employees, administrators, and other individuals who may have participated in the treatment or decision-making at issue.
18. Defendants ABC Entities 1–5 include presently unidentified entities whose involvement and legal responsibilities remain subject to investigation.

# III. JURISDICTION AND VENUE

20. Plaintiff invokes federal jurisdiction only to the extent an independent federal cause of action or another valid basis for federal jurisdiction is established.

21. Plaintiff requests supplemental jurisdiction under 28 U.S.C. § 1367 over related Idaho state-law claims if an original federal claim is properly established.
22. Plaintiff's counsel shall determine whether diversity jurisdiction under 28 U.S.C. § 1332 is independently available.
23. Venue is alleged to be proper in the District of Idaho under 28 U.S.C. § 1391 because the events giving rise to this action occurred in Boise, Ada County, Idaho.

# IV. FACTUAL ALLEGATIONS

## A. Birth and newborn medical care

24. On November 7, 2024, Plaintiff was born at Saint Alphonsus Regional Medical Center in Boise, Idaho.
25. Plaintiff's mother was physically present throughout labor, delivery, and the relevant newborn medical-care events.
26. Plaintiff's father transported the mother to the hospital and communicated with hospital personnel before the child's birth.
27. The father subsequently left the hospital and returned several hours after delivery.
28. Plaintiff's mother remained physically present during the relevant newborn medical events.

## B. Hepatitis B vaccination

29. On November 7, 2024, hospital personnel administered a hepatitis B vaccination to Plaintiff.
30. Plaintiff's parents allege that neither parent was informed adequately that the vaccination was going to be administered.
31. Plaintiff's mother alleges that she was not provided an adequate Arabic explanation concerning the vaccination.
32. Plaintiff's parents dispute that they knowingly authorized the specific administration of the hepatitis B vaccination.
33. Plaintiff's medical records document that the vaccination was administered on November 7, 2024.
34. Plaintiff's parents discovered the vaccination through their review of the medical records in December 2024.
35. Plaintiff requests production of the vaccination consent documentation, medication administration records, ordering information, and associated medical notes.

## C. Vitamin K administration contrary to the parents' expressed preference

36. Before the vitamin K administration, Plaintiff's mother expressed a preference that vitamin K be administered in oral drop form rather than by injection.
37. The parents allege that this preference was communicated to hospital personnel.
38. Despite the expressed preference, hospital personnel administered vitamin K by injection.

39. Plaintiff's mother alleges that she was not provided meaningful Arabic-language communication concerning the specific preparation and route of administration.
40. Plaintiff's parents did not discover that vitamin K had been administered by injection until reviewing the newborn medical records in December 2024.
41. Plaintiff requests identification of the precise vitamin K preparation, dosage, route of administration, ordering provider, administration time, and documentation of consent.

### D. Lack of meaningful Arabic language assistance to the mother

42. Plaintiff's mother primarily speaks Arabic and had limited English proficiency.
43. Plaintiff's mother alleges that hospital personnel did not provide a qualified Arabic interpreter during the relevant medical communications.
44. Hospital personnel presented English-language paperwork without adequately explaining its contents in Arabic.
45. Plaintiff's mother alleges that she was not given a meaningful opportunity to understand the relevant medical information and communicate her concerns.
46. These facts are relevant to evaluating the circumstances surrounding the medical authorization and decision-making process.
47. Plaintiff asserts these facts as background concerning the treatment and consent issues, without asserting that the child personally had a language-access injury.

### E. Medical records and consent documentation

48. Plaintiff's medical records document the administration of hepatitis B vaccine and vitamin K on November 7, 2024.
49. Plaintiff requests production of all consent documents, medication administration records, nursing notes, physician orders, and related documentation.
50. Plaintiff requests identification of the healthcare personnel who ordered, authorized, and administered each treatment.
51. Plaintiff also requests identification of any documentation relied upon by Defendant to establish parental authorization.

### F. Religious considerations

52. Plaintiff's parents have identified religious beliefs and family medical preferences that they contend were not adequately respected during the newborn medical-care encounter.
53. Plaintiff requests that the child's attorney investigate whether those religious concerns were communicated to hospital personnel and whether any legally enforceable rights belonging to Plaintiff were affected.
54. Plaintiff does not assert a constitutional or statutory religious-discrimination claim without establishing the applicable legal requirements.

## V. CLAIMS FOR RELIEF

### COUNT I — Lack of Sufficient Informed Consent

Idaho Code § 39-4506 and applicable Idaho law

55. Plaintiff incorporates paragraphs 1–54.
56. Plaintiff alleges that the hospital administered medical treatments to Plaintiff without establishing legally sufficient authorization from an appropriately authorized decision-maker.
57. Plaintiff's parents dispute that they knowingly authorized the specific hepatitis B vaccination.
58. Plaintiff's mother had expressed a preference for oral vitamin K rather than an injection.
59. Plaintiff alleges that the hospital administered vitamin K by injection despite that expressed preference.
60. Plaintiff requests a determination, under applicable Idaho law, whether the consent and authorization obtained for the treatments were legally sufficient.
61. Plaintiff seeks only damages and other relief legally belonging to Plaintiff and supported by the evidence.

## COUNT II — Medical Negligence and Professional Malpractice

62. Plaintiff incorporates paragraphs 1–61.
63. Defendant and its healthcare personnel owed Plaintiff applicable duties of reasonable medical care.
64. Those duties included complying with applicable professional standards concerning newborn medical treatment, authorization, medication administration, documentation, and communication with authorized decision-makers.
65. Plaintiff alleges that Defendant failed to exercise reasonable care in one or more of the following respects, subject to expert review:

a. Administering the hepatitis B vaccination without obtaining legally sufficient authorization, if such authorization was required.

b. Administering vitamin K by injection despite the parents' communicated preference for oral drops, if the applicable professional standard required honoring or further addressing that preference.

c. Failing to adequately document the authorization and decision-making process.

d. Failing to adequately communicate the nature and route of the treatments to the available parent.

66. Plaintiff alleges that the conduct described above requires evaluation under the applicable Idaho standard of care.
67. Plaintiff will rely on qualified medical experts where required to establish the applicable standard of care, breach, causation, and damages.
68. Plaintiff seeks recovery only for injuries and damages legally attributable to Defendant's conduct and supported by admissible evidence.

### COUNT III — Related Claims Arising from Unauthorized Medical Treatment

69. Plaintiff incorporates paragraphs 1–68.
70. Plaintiff requests that the Court evaluate whether the administration of the treatments at issue violated any independently enforceable rights belonging to Plaintiff under Idaho law.
71. Plaintiff reserves any additional claims that may be supported by the medical records, expert review, and applicable law.
72. Plaintiff does not seek to recover damages belonging to either parent individually.

## VI. INJURIES AND DAMAGES

73. Plaintiff alleges that the medical treatments were administered under circumstances involving disputed parental authorization and an unresolved disagreement concerning the route of vitamin K administration.
74. Plaintiff's parents presently report no known physical complications resulting from the hepatitis B vaccination or vitamin K administration.
75. Plaintiff does not allege an unverified physical injury or medical complication.
76. Plaintiff requests that qualified medical professionals evaluate the available medical records and determine whether any injury or adverse consequence occurred.
77. Plaintiff seeks recovery for actual, legally compensable injuries and damages established through admissible evidence.
78. Plaintiff seeks nominal or other non-compensatory relief only where legally available.

## VII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Determine whether Defendant obtained legally sufficient authorization for the hepatitis B vaccination.

B. Determine whether Defendant obtained legally sufficient authorization for the vitamin K injection.

C. Determine whether the hospital appropriately documented the parents' expressed preference for oral vitamin K.

D. Determine whether Defendant complied with applicable professional standards concerning newborn medical treatment and authorization.

E. Award compensatory damages to the extent legally available and established by evidence.

F. Award nominal damages where legally available.

G. Award allowable costs and other recoverable litigation expenses.

H. Grant any additional relief that the Court determines to be legally appropriate.

# VIII. JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by jury.

# IX. REPRESENTATION OF MINOR PLAINTIFF

79. Plaintiff is a minor and cannot independently conduct this litigation.
80. Plaintiff appears through an attorney authorized to practice before this Court.
81. Nabila Hamid requests recognition as Plaintiff's next friend or other appropriate representative under Federal Rule of Civil Procedure 17(c).
82. Plaintiff requests that the Court enter any appropriate order necessary to protect Plaintiff's legal interests.
83. Plaintiff requests that any settlement involving the minor's claims be reviewed and approved as required by applicable law.

DATED: 11-6-26

**PROPOSED NEXT FRIEND**

Printed Name: NABILA HAMID [signature]

Relationship to Child: Mother